Mr, Justice Johnson
delivered the opinion of the court:
The grounds of the present motion involve two questions :
1st Whether the possession of a slave is the possession of the owner, unless it appear that such possession was authorized by the owner, and,
2dly. Whether the possession of one, claiming under a bad title, with the avowed intention of holding, subject to, a better title if it should appear, is or is not adverse ?
1st In remarking on the first of these, I shall assume the positions, that to give right by possession, it ought to he such a possession as will enable the party claiming adversely to sue, ( Bailey vs. Irby, 2 Nott & McCord, 343,) and that the owner is not answerable for a trespass committed by his slave, (2 Bay’s Reports, 345, J unless it bodone under his authority. It was doubtful from the evidence in this case, whether the possession of the small patch was the possession of John Harrington, or thq possession of his slave. If the slaye’s, there was no evidence that he ever authorized it; and from the positions laid down, it follows as a necessary consequence that an action could not be maintained against him for this trespass, and therefore could confer no right on him. And whether this was or was not such a possession, was a question submitted to the jury,
As introductory to the consideration of the second question, it is necessary to premise, that laying aside al,l other considerations, the possession of Smith wanted the permanency and notoi'iety necessary to give it effect as an adverse possession, (vide Bailey vs. Irby, supra,) and to *292 piake out five years possession, it was necessary, with the two years possession of John Harrington by his tenant, to make out three years of a possession, concerning which, as heiore remarked, there were doubts whether it was his or the unauthorized possession of Ins slave. If his, then the second question propounded arises.
That a possession adverse to the claim of the rightful owner is necessary to give title, is a legal axiom that will not be controverted ; but whether it is or is not of that character, is a conclusion to be drawn from all the circumstances, and belongs to the jury to decide. An adverse character may and most frequently is implied from the fact of possession alone, or it may be marked by the most unequivocal circumstances ; as when one forcibly expels another, and takes and maintains the possession, and for the same reapo2is, a possession- apparently adverse, may assume an opposiic character, when taken in connection with the circumstances. Thus, where one entered undpr an agreement to purchase, (Jackson vs. Bard, 4 Johnson’s Rep. 230. ) So, to make a possession adverse, it must be hostile in its inception. (Jacksons s. Waters, 12 Johnson’s Rep. 365. J So the repeated applications of a defendant in ejectment to the lessor of the plaintiff to purchase the premises from him, affords a presumption that he came into possession under him, and repels the presumption that it was adverse. (Jackson vs. Hasbronch, 12 Johnson, 213. ) It follows therefore that it is ill the power of the party in possession to give it what character he please, either the most hostile, or its ponverse. What then is the character given by the plaintiff’s grantor to his possession ? The language which he holds in relation to the claim of the heirs of Porter is,. “I am ignorant whether they have a right or not, I will not wrong them 'out of a farthing. If their title appears, % will pay them for the land,” plainly implying that he could not submit to conyert a rigid rule of law into an in» slrumeut of injustice. This language is in accordance with the principles of natural honesty, and it would be an *293 outrage on common sense to give it effect in such a manner as to compel him to be unjust contrary to his will.
O’Neal, for the motion.
Independent therefore of the finding of the jury, which I should regard as conclusive, on a doubtful question, the facts in this case leave no doubt in my mind as to the correctness of their conclusion.
The motion is refused.
Justices Gantt, Huger, Colcock and Noil, concurred,
—-3 contra.